UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SHENZHEN SHITU INDUSTRIAL CO., LTD. and SHENZHEN SHILEQU CHUANGXIANG TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br><br> v. <br><br> WOBBLEWORKS, INC., <br><br> Defendant. | Case No.: [To Be Assigned] <br><br><br><br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND TORTIOUS INTERFERENCE** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Shenzhen Shitu Industrial Co., Ltd. ("Shitu" or "Plaintiff 1") and Shenzhen Shilequ Chuangxiang Technology Co., Ltd. ("Shilequ" or "Plaintiff 2") (collectively, "Plaintiffs"), by and through their undersigned counsel, Zhihua Han of WEN IP LLC, for

their Complaint against Defendant WobbleWorks, Inc. ("Defendant" or "WobbleWorks"), allege as follows:

## I. NATURE OF THE ACTION

1. This is an action for a declaratory judgment of patent non-infringement regarding U.S. Patent No. 11,766,819 (the "'819 Patent"), arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action further arises under the common law of the State of Washington for tortious interference with contractual relations and prospective business expectancies, caused by Defendant's bad-faith exploitation of extrajudicial enforcement channels.

## II. THE PARTIES

3. Plaintiff 1, Shenzhen Shitu Industrial Co., Ltd., is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 61, Industrial Zone, Rentian Community, Fuhai Subdistrict, Bao'an District, Shenzhen, China. Plaintiff 1 is the manufacturer and supplier of the Accused Products (defined below).

4. Plaintiff 2, Shenzhen Shilequ Chuangxiang Technology Co., Ltd. (shenzhenshilequchuangxiangkejiyouxiangonsi), is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 301, No.1 Bungalow, Next to Huiyi Building, No.15 Zhongxin Road, Taoyuan Community, Dalang Sub-district, Longhua District, Shenzhen, Guangdong Province, China 518100. Plaintiff 2 operates a commercial storefront on the

Amazon.com e-commerce platform under the store name "LinkSpoX" and sells the Accused Products manufactured by Plaintiff 1.

5. Upon information and belief, Defendant WobbleWorks, Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 135 West 29th Street, Suite 401, New York, NY 10001, and is the record owner of the '819 Patent. Upon information and belief, Defendant does business under the brand name "3Doodler."

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the patent law claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because an actual case or controversy currently exists between Plaintiffs and Defendant regarding the subject matter of this action, and this Court would have subject matter jurisdiction over this action if Defendant initiated suit for patent infringement.

7. This Court has supplemental jurisdiction over the Washington state law tort claims pursuant to 28 U.S.C. § 1367(a), because they form part of the same case or controversy and arise from a common nucleus of operative facts.

8. This Court has specific personal jurisdiction over Defendant WobbleWorks.

9. Defendant has purposefully directed its enforcement and anti-competitive activities at this judicial district by repeatedly initiating intellectual property complaints with Amazon.com, Inc. ("Amazon"), which is headquartered within this District in Seattle, Washington, and by executing an Amazon Patent Evaluation Express ("APEX") Agreement with Amazon.

10. Defendant voluntarily initiated the APEX proceeding by executing the APEX Agreement. The APEX Agreement expressly states that "Participants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington." A true and correct copy of the APEX Agreement executed by Defendant is attached hereto as **Exhibit 1**.

11. By voluntarily initiating the APEX proceeding and agreeing to the jurisdiction and venue of this District, Defendant has purposefully availed itself of the privileges and benefits of conducting activities within Seattle, Washington, and may reasonably expect to face litigation in this District.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district — specifically, Defendant's transmission of the APEX complaints to Amazon, the processing of platform restrictions by Amazon, and the resulting disruption of Plaintiffs' sales pipeline, all of which occurred in Seattle, Washington.

13. Further, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because Defendant is a foreign corporation (organized under Delaware law) and is subject to personal jurisdiction in this District.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiffs' Legitimate Businesses and Acquired Rights

14. Plaintiff 1 manufactures consumer products, including 3D printing pens (the "Accused Products"), which it supplies to Plaintiff 2 and other distributors.

15. Plaintiff 2 sells the Accused Products via an online storefront on Amazon.com under the store name "LinkSpoX."

16. The Accused Products at issue in this action are identified by the following Amazon Standard Identification Numbers ("ASINs"):

ASIN

B0G83NKDPV

B0G831RDJN

B0FY79LYMM

B0FYDX45WD

B0GSBRCNDM

17. The Accused Products are 3D printing pens designed, engineered, and marketed to permit drawing exclusively on flat 2D sheets on a two-dimensional surface (such as a table). Three-dimensional objects are only formed subsequently by manually and sequentially stacking pre-drawn, flat 2D sheets and traces. The Accused Products are not configured or designed to permit drawing directly in mid-air or 3D space.

18. Plaintiffs have no license, authorization, or permission from Defendant to practice the '819 Patent.

**B. The '819 Patent and Its Claims**

19. Defendant WobbleWorks is the owner by assignment of U.S. Patent No. 11,766,819, titled "Hand-held three-dimensional drawing device," which duly and legally issued on September 26, 2023. Upon information and belief, the '819 Patent is directed to a 3D drawing pen configured to permit drawing in 3D space.

20. The '819 Patent contains independent Claim 1. Plaintiffs are informed and believe that Defendant has asserted Claim 1 of the '819 Patent against the Accused Products in the APEX proceeding.

21. Claim 1 of the '819 Patent requires, inter alia:

   o    "a three-dimensional (3D) drawing pen that is configured to permit drawing in 3D space";

   o    "the elongate housing being configured to fit in a user's hand and shaped to allow manipulation of the pen without a handle extending from the housing"; and

   o    "a nozzle assembly disposed at a distal end of the housing that comprises an extruder and an exit nozzle."

## C. Defendant's Extrajudicial Enforcement Campaign

22. Prior to the filing of this action, Defendant embarked on a campaign to disrupt Plaintiffs' business by submitting multiple extrajudicial intellectual property complaints to Amazon, alleging that the Accused Products infringed the '819 Patent.

23. In the initial complaints, Amazon evaluated the merits of the disputes and determined the complaints lacked a basis to sustain a permanent ban, and issued decisions to fully restore Plaintiffs' product listings.

24. Unwilling to accept Amazon's restorations, Defendant escalated the dispute by executing Amazon's APEX Agreement and initiating a formal APEX proceeding against Plaintiff 2 within the Amazon platform infrastructure in Seattle.

25. On or about April 23, 2026, Defendant submitted an APEX Agreement to Amazon, asserting that Claim 1 of the '819 Patent was infringed by the Accused Products identified by the following ASINs: B0G83NKDPV, B0G831RDJN, B0FY79LYMM, and B0FYDX45WD. A true and correct copy of the APEX Agreement executed by Defendant is attached hereto as **Exhibit 1**.

26. The APEX proceeding is an extrajudicial dispute resolution program administered by Amazon in Seattle, Washington. The APEX process is brief, allows no discovery, and limits the evidence and defenses available to sellers.

27. On information and belief, the APEX evaluator ruled against Plaintiffs, determining that Defendant was "likely to be able to prove" that the Accused Products infringed Claim 1 of the '819 Patent. As a result, Amazon notified Plaintiff 2 that it was "in the process of removing" the ASINs identified in the APEX proceeding.

28. The APEX decision is a private, non-binding extrajudicial determination that is not entitled to preclusive effect and does not bar Plaintiffs from seeking a declaratory judgment in this Court.

29. Separately, and in addition to the APEX proceeding, Defendant submitted additional complaints to Amazon regarding ASINs not covered by the APEX Agreement, including BOFY79LYMM BOFYDX45WD, BOG83NKDPV, and BOG831RDJN. On or about June 25th, 2026, Amazon notified Plaintiff 2 that it had removed the listing

for ASIN B0GSBRCNDM based on Defendant's patent infringement complaint. A true and correct copy of this takedown notice is attached hereto as **Exhibit 2.**

30. Upon information and belief, Defendant's pattern of filing consecutive, ungrounded complaints, including the APEX proceeding, also threatens ASIN B0GZ72W3JC, which is part of the same product line and subject to the same enforcement campaign.

31. Defendant's ongoing enforcement campaign has caused and continues to cause immediate, severe financial injury to Plaintiffs, including interrupted sales, degradation of platform search rankings, loss of goodwill, and continuous business uncertainty.

32. Defendant has undertaken these actions without any good-faith investigation into the merits of its allegations. Defendant's actions demonstrate that it failed to conduct a reasonable pre-filing inquiry and instead sought to weaponize Amazon's administrative processes to eliminate competition.

## V. CAUSES OF ACTION

**COUNT I –DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(35 U.S.C. § 271 / 28 U.S.C. § 2201)**

33. Plaintiffs incorporate by reference the preceding paragraphs.

34. The Accused Products do not infringe, and have never infringed, any valid claim of the '819 Patent, either directly, indirectly, contributorily, or under the doctrine of equivalents.

35. The Accused Products do not infringe independent Claim 1 (or any claim dependent thereon) of the '819 Patent because they completely omit multiple essential structural and functional limitations required by the claim language, as detailed below:

**a**. Claim 1 requires "a three-dimensional (3D) drawing pen that is configured to permit drawing in 3D space." The Accused Products are not configured or designed to permit drawing directly in mid-air or 3D space. Instead, the Accused Products are designed, engineered, and marketed to permit drawing exclusively on flat 2D sheets on a two-dimensional surface (such as a table). Three-dimensional objects are only formed subsequently by manually and sequentially stacking pre-drawn, flat 2D sheets and traces. Accordingly, the Accused Products lack this functional configuration.

**b**. Claim 1 requires "the elongate housing being configured to fit in a user's hand and shaped to allow manipulation of the pen without a handle extending from the housing." In direct contrast, the Accused Products feature a distinct structural handle extending outward from the housing to facilitate user grip and mechanical manipulation. Because the claim strictly requires the manipulation to occur "without a handle extending from the housing," the physical architecture of the Accused Products cannot satisfy this limitation literally or under the doctrine of equivalents.

**c**. Claim 1 requires "a nozzle assembly disposed at a distal end of the housing that comprises an extruder and an exit nozzle." While the Accused Products feature a nozzle at the distal end of their housing, they completely lack an internal extruder within that assembly. The extrusion and drive mechanisms of the Accused Products are structurally separate and distinct from the nozzle assembly itself. Because a required sub-element ("an extruder") is entirely missing from the specified assembly, the Accused Products cannot satisfy this limitation under the "all-elements rule."

36. Because the used Products completely lack these essential limitations of independent Claim 1, they do not literally infringe the '819 Patent, nor do they infringe under the doctrine of equivalents.

37. An active, justiciable controversy exists regarding non-infringement due to Defendant's pending and concluded extrajudicial enforcement actions, including the APEX proceeding and the separate Amazon takedown notices. Judicial relief is necessary to protect Plaintiffs' storefront from ongoing administrative disruption and to establish that the Accused Products do not infringe the '819 Patent.

**COUNT II: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY**
**(Washington Common Law)**

38. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

39. Plaintiff 2 maintained valid contractual relations with Amazon.com, Inc. and a legitimate business expectancy in the continuous sale of its products to consumers through the platform. Plaintiff 1 maintained a legitimate business expectancy in its ongoing supply relationship with Plaintiff 2 and other distributors.

40. Defendant had actual knowledge of Plaintiffs' business expectancies and the strict operating rules of the Amazon ecosystem.

41. Defendant intentionally and improperly interfered with these relations by filing repeated infringement reports after Amazon had already determined that Plaintiffs' products should be restored.

42. Defendant's escalation to a formal APEX proceeding, despite the prior restorations, constitutes bad-faith, anti-competitive platform manipulation executed within this judicial district for the improper purpose of market clearance.

43. Defendant's separate complaints to Amazon regarding ASINs not covered by the APEX Agreement, including B0GSBRCNDM, demonstrate a continuing pattern of bad-faith enforcement.

44. Defendant lacked an objectively reasonable basis for accusing the Accused Products of infringing the '819 Patent, as demonstrated by the fact that the Accused Products lack multiple essential claim limitations, as detailed above in Count I.

45. As a direct and proximate result of Defendant's bad-faith interference, Plaintiffs suffered significant financial injury, including lost sales, degradation of platform search rankings, loss of goodwill, and continuous business uncertainty.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

• **A**. Declaring that Plaintiffs' Accused Products do not infringe any claim of U.S. Patent No. 11,766,819;

• **B**. Awarding Plaintiffs compensatory damages for economic losses resulting from Defendant's tortious interference, in an amount to be proven at trial;

• **C**. Declaring this an exceptional case under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees and costs; and

• **D**. Awarding such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 27th day of May, 2026.

Respectfully submitted,

**WEN IP LLC**

By: \_\_\_\_s/Zhihua Han/_____

Zhihua Han Ph.D., J.D.
WSBA No. 46204
7710 80th PL SE
Mercer Island, WA 98040
Phone: (206) 973-6936
Email: josh@wen-ip.com
Attorney for Plaintiffs

**INDEX OF EXHIBITS**

| Exhibit Number | Document Title / Factual Identity | Page Count / Bates Range |
|---|---|---|
| **EXHIBIT 1** | Executed APEX Agreement (WobbleWorks, Inc. v. Shenzhen Shilequ Chuangxiang Technology Co., Ltd., dated April 23, 2026) | 4 Pages / EX_01_000001 - EX_01_00004 |
| **EXHIBIT 2** | Amazon Takedown Notice (B0GSBRCNDM) | 4 Pages / EX_02_000001 - EX_02_000004 |